IN THE SUPREME COURT OF THE STATE OF DELAWARE

ANIBAL G. MELENDEZ,           §
                              § No. 260, 2025
        Defendant Below,       §
        Appellant,             § Court Below–Superior Court
                              § of the State of Delaware
        v.                     §
                              § Cr. ID No. 0509024924 (N)
STATE OF DELAWARE,            §
                              §
        Appellee.              §

Submitted: September 17, 2025
Decided:   November 24, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

### <u>**ORDER**</u>

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)    Anibal Melendez appeals the Superior Court's denial of his motion for the correction of an illegal sentence. The State of Delaware has moved to affirm the judgment below on the ground that it is manifest on the face of Melendez's opening brief that his appeal is without merit. We agree and affirm.

(2)    In February 2007, a Superior Court jury found Melendez guilty of one count of assault in a detention facility, one count of first-degree assault, one count of possession of a deadly weapon during the commission of a felony (PDWDCF), and one count of possession of a deadly weapon by a person prohibited (PDWBPP).

The Superior Court immediately sentenced Melendez as follows: for assault in a detention facility, to twenty years of incarceration; for first-degree assault, to ten years of incarceration; for PDWDCF, to ten years of incarceration; and for PDWBPP, to three years of incarceration, suspended after one year for probation. We affirmed Melendez's convictions and sentence on direct appeal.[1]

(3) In August 2023, Melendez moved for the correction of an illegal sentence under Superior Court Criminal Rule 35(a), arguing in part that although he had been indicted for assault at a detention center under 11 *Del. C.* § 1254(a)—a Class D felony subject to a sentencing range of zero to eight years—he had been sentenced under Section 1254(b)—a Class B felony subject to a sentencing range of two to twenty-five years. The Superior Court granted Melendez's motion in part and agreed to resentence him under Section 1254(a).[2] On April 19, 2024, the Superior Court entered a modified sentence order reducing Melendez's sentence for assault in a detention facility from twenty years to eight years.

(4) In 2024, Melendez again moved for the correction of an illegal sentencing, arguing that (i) his sentences for assault in a detention facility and first-degree assault violated the Double Jeopardy Clause and (ii) Section 1254 "only support[s] that he only be charge[d] with that offense, not with any [other] offenses"

---

[1] *Melendez v. State*, 2008 WL 187950 (Del. Jan. 23, 2008).
[2] *State v. Melendez*, 2024 WL 1005567, at *4 (Del. Super. Ct. Mar. 7, 2024).

because he was in a detention center when he committed the assault.[3]  The Superior Court agreed with Melendez's argument that his first-degree assault conviction merged with this assault-in-a-detention-facility conviction for sentencing purposes and granted in part his motion.  On April 22, 2025, the Superior Court modified Melendez's sentencing order to eliminate his ten-year sentence for first-degree assault.  This appeal followed.

(5)  We review the denial of a motion for correction of illegal sentence for abuse of discretion.[4]  To the extent a claim involves a question of law, we review the claim *de novo*.[5]  A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[6]

(6)  In his opening brief on appeal, Melendez argues that (i) he had a right to be present when the Superior Court resentenced him and (ii) he was charged with assault in a detention facility and PDWDCF in violation of the Double Jeopardy Clause.  After careful review, we find Melendez's arguments to be unavailing.

---

[3] App. to Opening Br., Ex. A at 6.
[4] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[5] *Id.*
[6] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

(7)    "It is well established that a defendant has a fundamental right to be present at the imposition of a final sentence following a criminal conviction.  This includes a [right to be present at a] resentencing that amends an original sentence."[7] We review Melendez's claim on appeal for plain error, however, because he did not ask for his motion to be heard in open court.[8]  "Under plain error review, the matter complained of must be an error which is so clearly prejudicial to substantial rights that the fairness and integrity of the [proceeding] is jeopardized."[9]  Here, the only change to Melendez's sentence was the elimination of his ten-year sentence for first-degree assault.  The amended order did not otherwise alter the Level V time that he must serve on his other convictions or change any special condition of his supervision.  And we note that Melendez is also serving a life sentence for murder. Under these circumstances, it cannot be said that the fairness and integrity of the proceeding was jeopardized—indeed, Melendez obtained the result he sought—and we therefore decline to remand for resentencing.

(8)    Melendez's argument that his charges (and convictions) for assault in a detention facility and PDWDCF violate double jeopardy principles is also unavailing.  This Court expressly held to the contrary in *Davis v. State*.[10]

---

[7] *Medley v. State*, 281 A.3d 29, 34 (Del. 2022) (citation modified).
[8] *Id.* (noting that because the appellant had not requested a hearing below, his argument that he was entitled to be present for resentencing was reviewed for plain error on appeal).
[9] *Id.*
[10] 2008 WL 853536, at *1 (Del. Apr. 1, 2008) (rejecting the appellant's claim that his convictions for assault in a detention facility and PDWDCF violate double jeopardy principles).

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice